UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LACY NAUMOSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 2:19-cv-491 |
| COSTCO WHOLESALE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case

The plaintiff, Lacy Naumoski (formerly Lacy Mitchell) (hereinafter "Naumoski"), brings this action against her former employer, Costco Wholesale Corporation (hereinafter "Defendant"), alleging that Defendant violated her rights under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

### II.  Parties

1. Naumoski has resided within the Northern District of the State of Indiana at all relevant times.

2. Defendant operates its business within the Northern District of Indiana.

### III. Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

1

4. Naumoski was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

5. At all relevant times, Naumoski has been a qualified individual with a disability, has had a record of disability, and/or has been regarded as disabled by Defendant.

6. At all relevant times, Naumoski had a "serious health condition" as that term is defined by the FMLA.

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117.

8. Naumoski satisfied her obligations to exhaust her administrative remedies and now timely files her lawsuit.

9. Venue is proper in this Court.

## IV.  Factual Allegations

10. Naumoski began working for Defendant at its warehouse in Merrillville, Indiana in or about September 2007 as a part time cashier, and she began working full time in or about 2014.

11. Throughout her employment, Naumoski performed her job duties in a competent and satisfactory manner, carrying out the essential functions of the job.

12. Naumoski has suffered from migraine headaches the majority of her life, resulting from a head injury sustained when she was 10 years old. Naumoski's migraine headaches substantially limit one or more of Naumoski's major life activities, including, but not limited to, seeing, hearing, speaking, working and communicating. Her migraine headaches can cause her to

lose her ability to speak and see. Her migraines are unpredictable and can come on very fast. Naumoski also suffers from anxiety and depression.

13. Since early in her tenure with Defendant, Naumoski was approved for intermittent FMLA for her migraine headaches.

14. For over a decade, Defendant accommodated Naumoski's disability, allowed her to use her FMLA without issue, and generally worked with her to achieve a productive working environment under which Naumoski performed well.

15. Due to the fact that her migraines can onset extremely fast and render her unable to speak, there were times throughout her employment when Naumoski was unable to call in to inform Defendant that she would be late for the start of her shift. Defendant accommodated Naumoski's disability by excusing her tardiness and allowing her to report to work after the migraine had subsided and allowed her to use FMLA leave to cover the tardiness.

16. In or about April 2017, Defendant demoted Naumoski back to a part time employee.

17. In or about June 2017, Naumoski began reporting to a new General Manager, Lynda Calocci.

18. In or about April 2018, Calocci summoned Naumoski to her office and told her that Defendant would no longer allow Naumoski to use her approved FMLA when her migraines caused her to be tardy, despite the fact that Defendant had allowed her to do so since 2010.

19. Thereafter, Calocci repeatedly and continuously called Naumoski into her office to discuss her FMLA and her disabilities, and to demand additional documentation to support her active and approved FMLA.

20. As a result of Calocci's interference and intimidation, Naumoski was fearful to request renewal of her FMLA and it expired on June 22, 2018.

21. In June 2018, Naumoski filed a complaint with Defendant's ethics department that Calocci was harassing her on the basis of her disability.

22. On July 29, 2018, Defendant disciplined Naumoski when it issued her six (6) counseling notices simultaneously for alleged attendance violations ranging from June 20 through July 24 and suspended her, violating Defendant's policy that counseling notices must be issued within three scheduled working days of the violation.

23. On or about August 4, 2018, Naumoski met with Calocci and asked her why she issued the discipline, and Calocci referenced Naumoski's ethics complaint.

24. On or about August 4, 2018, Naumoski complained to Defendant that Calocci's discipline was discriminatory and retaliatory.

25. As a result of her complaint, Defendant rescinded the aforementioned six (6) counseling notices.

26. In August 2018, Naumoski requested intermittent FMLA leave.

27. Calocci pulled Naumoski's FMLA request from Defendant's third-party FMLA administrator to personally process the request in stark contrast from how Defendant handles FMLA requests from every other employee.

28. On August 31, 2018, Calocci disciplined and suspended Naumoski for alleged insubordination after Calocci demanded that Naumoski report to her office after her shift was over and Naumoski had already clocked out. Naumoski was unable to comply because she had to pick up her children.

4

29. On October 18, 2018, Defendant provided Naumoski with a letter dated September 20, 2018, notifying her that her request for FMLA leave was denied for allegedly falling just short of the 1,250 hour requirement for the past year, a threshold she was bound to meet prior to the end of the year.

30. Defendant instead provided Naumoski with two (2) "accommodation days" each month to utilize in relation to her migraine headaches.

31. Defendant unilaterally decided what accommodation to provide without engaging Naumoski in the interactive process and despite regularly doing more to accommodate her for several years previous.

32. On November 24, 2018, Defendant terminated Naumoski before she could meet the 1,250 hour requirement and refile for FMLA leave.

33. Naumoski has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE – ADA

34. Naumoski hereby incorporates paragraphs 1 - 33 of her Complaint.

35. The acts alleged above constitute unlawful employment practices in violation of the ADA.

36. Defendant has failed and refused to apply the same standard to Naumoski as it has applied to similarly situated employees who are not disabled, do not have a record of disability, and/or who it does not regard as disabled.

37. Defendant took unlawful, adverse employment actions against Naumoski based on her disability, her record of disability, and/or because it regarded her as disabled, including when it failed to engage in the interactive process or provide Naumoski with a reasonable accommodation and when it terminated her employment.

38. Defendant cannot establish that providing more than two "accommodation days" would have subjected it to undue hardship in light of its past practice.

39. Defendant's actions, as alleged above, deprived Naumoski of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

40. Naumoski has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

41. Defendant's unlawful actions against Naumoski were intentional, willful, and done in reckless disregard of Naumoski's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

42. Naumoski hereby incorporates paragraphs 1 - 441of her Complaint.

43. The acts alleged above constitute unlawful employment practices in violation of the ADA.

44. Naumoski engaged in protected activity under the ADA.

45. Defendant took unlawful adverse employment actions against Naumoski in retaliation for her engagement in protected activity, including when it terminated her employment.

46. Defendant has failed and refused to apply the same standard to Naumoski as it has applied to similarly situated employees who have not engaged in protected activity.

47. Defendant's actions, as alleged above, deprived Naumoski of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

48. Naumoski has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

49. Defendant's unlawful actions against Naumoski were intentional, willful, and done in reckless disregard of Naumoski's rights as protected by the ADA.

## COUNT III

## VIOLATIONS OF THE FMLA

50. Naumoski hereby incorporates paragraphs 1 – 49 of her Complaint.

51. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

52 Defendant's actions, as alleged above, constitute interference with Naumoski's FMLA rights and/or constitute retaliation for requesting and/or taking FMLA-qualifying leave, including when it terminated her employment.

53. Naumoski has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

54. Defendant's unlawful actions against Naumoski were intentional, willful, and done in reckless disregard of Naumoski' rights as protected by the FMLA.

## VI.  Relief Requested

WHEREFORE, Plaintiff, Lacy Naumoski, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Naumoski with similar, salary, and seniority, or pay front pay and benefits to Naumoski in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Naumoski;

3. Defendant pay liquidated damages to Naumoski;

4. Defendant pay compensatory and punitive damages to Naumoski;

5. Defendant pay pre- and post-judgment interest to Naumoski;

6. Defendant pay Naumoski's attorneys' fees and costs incurred in litigating this action;

7. Defendant pay to Naumoski any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com

Counsel for Plaintiff, Lacy Naumoski

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Lacy Naumoski, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                Respectfully submitted,

                Jason P. Cleveland (24126-53)
                CLEVELAND LEHNER CASSIDY
                8250 Haverstick Road, Suite 235
                Indianapolis, IN 46240
                Tel: 317-388-5424
                Fax: 317-947-1863
                Email: jason@clcattorneys.com